IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
MAY 26 PM 4:07
U.S. DISTRICT OFFICE
SAN JUAN, P.R.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JOEL COLON-BROWN,<br>Defendant. | CRIMINAL NO. 17-077 (JAG) |

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(C) FRCP)

TO THE HONORABLE COURT:

**COMES NOW** the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Capó-Iriarte, Assistant United States Attorney, Chief, Criminal Division; Marshal D. Morgan, Assistant United States Attorney, Deputy Chief, Crimes Against Children and Human Trafficking Unit; Elba Gorbea, Assistant United States Attorney, Crimes Against Children and Human Trafficking Unit; defendant's counsel, Edwin A. Mora-Rolland, Esq.; and defendant Joel Colón-Brown, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to COUNT ONE of the Indictment.

COUNT ONE charges that on or about August 25, 2016, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendant, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender by reason of a conviction

under the State of Florida state law, traveled in interstate commerce and did knowingly fail to register or update a registration, in violation of Title 18, *United States Code*, Section 2250.

## 2. MAXIMUM PENALTIES

The penalty for the offense charged in COUNT ONE of the Indictment is a term of imprisonment of not more than ten (10) years, a fine of not more than two hundred fifty thousand dollars ($250,000.00) and a term of supervised release of not more than three (3) years.

## 3. APPLICABILITY OF SENTENCING GUIDELINES

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18, *United States Code*, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges being aware that parole has been abolished and the imposition of a sentence may not be suspended.

*EAM*
*JCB*

## 4. SPECIAL MONETARY ASSESSMENT

The Court must further impose a mandatory special monetary assessment of one hundred dollars ($100.00) per count of conviction, which the defendant agrees to pay, to be deposited in the Crime Victim Fund, pursuant to Title 18, *United States Code*, Section 3013(a).

## 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the *Sentencing Guidelines Manual*, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United

2

United States v. Joel Colón-Brown,
Criminal No. 17-077 (JAG)
Plea Agreement

States (OBD Form 500). The United States will make no recommendations as to the imposition of fines.

6. **RULE 11(e)(1)(C) WARNINGS**

The defendant is aware that the sentence agreed between the parties will not be in accordance with the advisory Sentencing Guidelines prescribed in Title 18, *United States Code*, Section 3551, *et. seq.* Instead, the recommendations or requests by the parties bind the court once the court accepts the plea agreement.

However, the defendant is aware that the court may reject this plea agreement. *Fed.R.Crim.P.* 11(c)(5)(B). If the court rejects the plea agreement, the defendant understands that he may withdraw his plea. *Fed.R.Crim.P.* 11(c)(5)(B). The defendant is further aware that if the court rejects the plea agreement, and he does not withdraw his plea, then the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated. *Fed.R.Crim.P.* 11(c)(5)(C). The defendant acknowledges that he is aware that parole has been abolished.

7. **SENTENCING GUIDELINES CALCULATIONS**

Although the Guidelines are now advisory, *United States v. Booker*, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. *Booker*, 125 S.Ct. at 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to COUNT ONE:

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE<br>Count ONE – Title 18, *United States Code*, Section 2250<br>Failure to Register | |
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. §2A3.5(a)(2)] | 14 |
| Acceptance of Responsibility [U.S.S.G. § 3E1.1] | -2 |
| TOTAL OFFENSE LEVEL<br>(Assuming a Criminal History Category I)<br>(Assuming a Criminal History Category II) | 12<br>10-16 months<br>12-18 months |

8.   **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in Title 18, *United States Code*, Section 3553(a), the parties agree to recommend a sentence equal to the lower end of the applicable guideline range determined by the Court, based on a total offense level of 12, irrespective of defendant's criminal history category.

9.   **WAIVER OF APPEAL**

Defendant Colón-Brown knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the guideline range based on a total offense level of 12, when combined with the defendant's criminal history category as determined by the Court, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 10. NO FURTHER DEPARTURES OR ADJUSTMENTS

The United States and the defendant agree that no further departures or adjustments shall be sought by the parties. Should either party request an additional departure or adjustment shall constitute a breach of the plea agreement and grounds for the other party to request a withdrawal from the terms of this plea agreement.

### 11. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with defendant's counsel, Edwin A. Mora-Rolland, Esq., and indicates that counsel has rendered effective legal assistance.

### 12. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do not stipulate any assessment as to the defendant's criminal history category.

### 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.  If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.  If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the

defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

## 14. STATEMENT OF FACTS

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

### 15. LIMITATIONS OF PLEA AGREEMENT

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

### 16. ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

### 17. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

### 18. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

### 19. IMPACT UPON CONVICTION

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he may be required to register, or continue to register, as a "Sex Offender" pursuant to the Sex Offender registration and Notification Act ("SORNA" or "the ACT"), which was enacted under Title I of the *Adam Walsh Child Protection and Safety Act of 2006* (P.L. 109-248), codified at the Title 18, United States Code, Section 2250 and Title 42, *United States Code*, Section 16913.

As a registered Sex Offender, defendant further understands that his status as a convicted Sex Offender, and related information, will be made public.

**RESPECTFULLY SUBMITTED.**

**ROSA EMILIA RODRIGUEZ-VELEZ
UNITED STATES ATTORNEY**

_____
**JOSÉ CAPÓ-IRIARTE**
Assistant United States Attorney
Chief, Criminal Division

Dated: 5/22/17

_____
**MARSHAL D. MORGAN**
Assistant United States Attorney
Deputy Chief, Child Exploitation &
Human Trafficking Unit

Dated: 5/21/17

_____
**ELBA GORBEA**
Assistant United States Attorney
Child Exploitation &
Human Trafficking Unit

Dated: 5·21·2017

_____
**JOEL COLON-BROWN**
Defendant

Dated: 5/26/17

_____
**EDWIN A. MORA-ROLLAND**
Counsel for the Defendant

Dated: 5/26/17

8

United States v. Joel Colón-Brown,
Criminal No. 17-077 (JAG)
Plea Agreement

I have consulted with my counsel and fully understand all of my rights with respect to the Superseding Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines, Policy Statements, Application,</u> and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 5/26/17

*[signature]*
**JOEL COLON-BROWN**
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the *Sentencing Guidelines, Policy Statements, Application, and Background Notes*, and I have fully explained to the defendant the provisions of those guidelines, which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 5/26/17

*[signature]*
**EDWIN A. MORA-ROLLAND**
Counsel for Defendant

9

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of Title 18, *United States Code*, Section 2250.

If this matter had proceeded to trial, the United States would have presented evidence, which would have proven beyond a reasonable doubt the following:

On or about June 9, 1999, Joel Colón-Brown was convicted of two (2) counts of Sexual Battery in the first Degree on a 15-year-old female minor, in violation of Section 794.011(8) (b), Florida Statues.

A review of the Florida Department of Law Enforcement (FDLE), Sexual Predator/Offender Registration documents revealed that Joel Colón-Brown was sentenced to 15 years in prison, designated by the courts as a sexual predator, and required to register as a sex offender for a period of life.

On December 12, 2002, Joel Colón-Brown registered as a sex offender with the FDLE Sexual Predator/Offender Registration and on August 29, 2014, Joel Colon-Brown signed the FDLE Notice of Sexual Predator and Sexual Offender Obligation, which advise, among other things, that the person has to "report in person to the local Sheriff's Office to notify of [his] intention ... within 48 hours prior to leaving."

In or about November 2014, defendant Colón-Brown did not complete his re-registration form as required by the FDLE Notice of Sexual Predator and Sexual Offender Obligation and, on December 4, 2014, a warrant was issued for failure to re-register in a quarterly basis. Defendant

Colón-Brown has an outstanding warrant from the State of Florida and is considered an absconded Sexual Predator.

As part of the continuing investigation by the United States' Marshal Service (USMS), it was found that Joel Colon-Brown traveled to Puerto Rico and moved to the Municipality of Fajardo. The USMS Officers verified all thirteen (13) regions that comprise the Puerto Rico Sex Offender Registry, each of which had stated that defendant Colón-Brown has not registered as a sex offender with the Puerto Rico authorities.

Defendant Joel Colón-Brown admits that on or about August 25, 2016, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendant, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender by reason of a conviction under the State of Florida state law, traveled in interstate commerce and did knowingly fail to register or update a registration, in violation of Title 18, *United States Code*, Section 2250.

At trial, the United States would have proven beyond a reasonable doubt that the defendant is guilty as charged in Count One of the Indictment by presenting physical and documentary evidence, the testimony of FDLE and USMS Officials, among others.

(CONTINUED ON NEXT PAGE)

Full discovery has been provided in this case.

_____
**ELBA GORBEA**
Assistant United States Attorney

Dated: 5·21·2017

_____
**JOEL COLON-BROWN**
Defendant

Dated: 5/26/17

_____
**EDWIN A. MORA-ROLLAND**
Counsel for the Defendant

Dated: 5/26/17